C. VAN HOWLING & SONS, INCORPORATED, PLAINTIFF-RESPONDENT, v. JOHN KIETRYS ET UX., DEFENDANTS-APPELLANTS.

Submitted January 27, 1933—Decided July 15, 1933.

Before Justices BODINE and DONGES.

For the appellants, *Louis V. Hinchliffe.*

For the respondent, *Meyer Lobsenz.*

PER CURIAM.

This is an appeal from a judgment of the Passaic County Circuit Court wherein Judge Mackay denied a motion to strike the complaint and release a mechanics' lien and struck the appellants' answer.

It appears that appellants owned two lots in Paterson which they agreed to sell to one Loomis and wife. Loomis contracted with plaintiff to move a building to the land. Plaintiff was not paid for its work and it filed a lien against the land. Loomis and wife were unable to go through with the purchase of the lots and to pay for the moving. Judgment special against the lands of appellants was entered under section 12 of the Mechanics' Lien act which allows a lien on lands to which buildings are moved for the cost of the moving.

Section 12 does not provide for any written consent of the owner where the removal is done by another. Appellants contend that this section must be read together with section 7, which provides that in the case of the erection of buildings by someone other than the owner, the lands cannot be charged in the absence of written consent of the owner. They further contend that if this is not so, the section (12) is unconstitutional because it deprives them of their property without due process of law.

The appellants are not in a position to raise the question of lack of consent, because John Kietrys signed the following receipt upon the agreement to sell the lots:

"I, John Kietrys, agree to sell my lands 121-123 Frankling street to Mr. Loomis for $1,950 and give him permission to move his house on these lots."

This is sufficient to subject the lots to the operation of the Mechanics' Lien law.

Cases cited to the effect that an agreement of sale of lands is not such a written consent as is contemplated by the act are not pertinent, because the language above quoted is a specific consent that the work be done on the lands.

The judgment is affirmed.